1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HON. JOHN C. COUGHENOUR

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

WILLIAM G. MOODIE and JAMES W.
WATERMAN, on behalf of themselves and
all others similarly situated

                 Plaintiffs,

    vs.

REMINGTON ARMS COMPANY, LLC.,
SPORTING GOODS PROPERTIES, INC.
and E.I. DU PONT DE NEMOURS AND
COMPANY

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:13-cv-00172-JCC

**DEFENDANTS' MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:**
**APRIL 26, 2013**

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC)

## TABLE OF CONTENTS

Introduction ........................................................................................................ 3

Background ........................................................................................................ 3

Legal Standard For Motion To Dismiss ........................................................... 5

Argument .......................................................................................................... 6

I.      All of Moodie's Claims Fail Under Washington Law ........................... 6

        A.      Moodie's Claims for Violation of the Washington Consumer Protection
                Act and Fraudulent Concealment (Counts I and VIII) Are Insufficiently
                Pled Under Rule 9(b). ................................................................. 6

                1.      The WCPA and Fraudulent Concealment Claims Must Be
                        Dismissed Because They Rely on Improper "Shotgun" and
                        "Puzzle" Pleading. ......................................................... 7

                2.      The Complaint Fails to Differentiate the Fraud-Based Allegations
                        as to Each Defendant as Required by Rule 9(b). ................. 9

                3.      The WCPA and Fraudulent Concealment Claims Are Not Pled
                        with the Particularity Required by Rule 9(b). .................. 10

        B.      Moodie's Strict-Liability Claim (Count III) Is Barred Under Washington
                Law. ........................................................................................ 14

        C.      Washington Does Not Permit an Independent Products Liability Claim
                Based on Negligence (Count IV). ............................................. 15

        D.      Moodie's State-Law Warranty Claims (Counts VI and VII) Must Be
                Dismissed. ............................................................................... 16

                1.      The Implied Warranty Claim Fails for Lack of Privity. ....... 16

                2.      The Express Warranty Claim Is Insufficiently Pled. .......... 16

                3.      The Statute of Limitations Bars the Breach of Warranty Claims. ............. 17

        E.      Because Moodie's State-Law Warranty Claims Fail, His Claim for
                Violation of the Magnuson-Moss Warranty Act (Count V) Also Fails. ............. 20

        F.      Moodie Fails to Plead a Claim for Unjust Enrichment (Count IX). ............. 21

II.     All of Waterman's Claims Fail Under North Carolina Law ............... 22

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - i

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

A.   Waterman's Claims for Violation of the North Carolina Unfair and Deceptive Trade Practices Act, Negligence, State-Law Warranty, and Fraudulent Concealment Claims (Counts II, IV, VI, VII, and VIII) Are Barred by the Statute of Repose..................................................22

B.   Additional Reasons Support Dismissal of Waterman's UDTPA, Negligence, State-Law Warranty, and Fraudulent Concealment Claims (Counts II, IV, VI, VII, and VIII). ...........................................................24

    1.   The UDTPA Claim (Count II) Is Further Barred by the Economic-Loss Rule and Is Insufficiently Pled. ..........................................24

    2.   The Negligence Claim (Count IV) Is Also Barred by the Economic-Loss Rule...............................................................27

    3.   The Fraudulent Concealment Claim (Count VIII) Is Also Not Pled with Particularity and Is Barred by the Economic-Loss Rule...................27

    4.   The Implied Warranty Claim (Count VII) Also Fails for Lack of Privity...............................................................28

    5.   The Express Warranty Claim (Count VI) Is Also Insufficiently Pled. ...........................................................29

    6.   The State-Law Warranty Claims (Counts VI and VII) Are Further Barred by the Statute of Limitations...........................................29

C.   Because Waterman's State-Law Warranty Claims Fail, His Claim for Violation of the Magnuson-Moss Warranty Act (Count V) Also Fails.................30

D.   North Carolina Does Not Recognize Strict Liability in Tort (Count III) in Product Liability Actions....................................................30

E.   Waterman Fails to Plead a Claim for Unjust Enrichment (Count IX)...................31

III.   Because All Of Plaintiffs' Substantive Claims Must Be Dismissed, The Court Should Decline to Exercise Its Discretionary Jurisdiction to Entertain Plaintiffs' Request for Declaratory Judgment (Count X). ................................................ 32

CONCLUSION....................................................................................... 33

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*389 Orange St. Partners v. Arnold*
   179 F.3d 656 (9th Cir. 1999) ................................................................19

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009).............................................................5, 17, 21, 29, 31

*AT&T Corp. v. Med. Review of N.C., Inc.*
   876 F. Supp. 91 (E.D.N.C. 1995)..................................................24, 27, 28, 29

*Bank of Am. v. Lykes*
   No. 1:09-cv-435, 2010 WL 2640454 (W.D.N.C. May 20, 2010)..........................27

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007).............................................................5, 17, 21, 29, 31

*Bryant v. Wyeth*
   879 F. Supp. 2d 1214 (W.D. Wash. 2012)..............................................17

*Bussian v. DaimlerChrysler Corp.*
   411 F. Supp. 2d 614 (M.D.N.C. 2006) ..................................................24

*Butcher v. DaimlerChrysler Co., LLC*
   No. 1:08CV207, 2008 WL 2953472 (M.D.N.C. July 29, 2008) ....................24, 25

*Chapman v. Remington Arms Co., et al.*
   No. 1:12-cv-24561 (S.D. Fla. Dec. 31, 2012)............................................3

*Clemens v. DaimlerChrysler Corp.*
   534 F.3d 1017 (9th Cir. 2008) ............................................................20

*Exportadora de Sal, S.A. de C.V. v. Travelers Indem. Co.*
   43 F.3d 1479 (9th Cir. 1994) ..............................................................6

*Fid. Mortgage Corp. v. Seattle Times Co.*
   213 F.R.D. 573 (W.D. Wash. 2003) ..............................................6, 7, 11

*Glen Holly Entm't, Inc. v. Tektronix Inc.*
   343 F.3d 1000 (9th Cir. 2003) ............................................................13

*Guerrero v. Gates*
   442 F.3d 697 (9th Cir. 2006) ..............................................................19

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - iii

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*Guketlov v. Homekey Mortgage, LLC*
    No. C09-1265JLR, 2009 WL 3785575 (W.D. Wash. Nov. 9, 2009) .......................................9

*In re Metro. Sec. Litig.*
    532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) ........................................................7, 9

*Kelley v. Microsoft Corp.*
    251 F.R.D. 544 (W.D. Wash. 2008) ..........................................................................21

*Kelly v. Georgia-Pacific LLC*
    671 F. Supp. 2d 785 (E.D.N.C. 2009).........................................................25, 26, 27

*Kinzer & Cherry v. Remington Arms Co.*
    No. 09-cv-1242 (W.D. Okla. Sept. 1, 2010, Oct. 28, 2011, & Sept. 4, 2012) ...................3, 16

*Kwai Ling Chan v. Chase Home Loans Inc.*
    No. C12-0273JLR, 2012 WL 1252649 (W.D. Wash. Apr. 13, 2012) ...................................19

*Leadsinger, Inc. v. BMG Music Pub.*
    512 F.3d 522 (9th Cir. 2008) ..................................................................................32

*Lovold v. Fitness Quest Inc.*
    No. C11:569Z, 2012 WL 529411 (W.D. Wash. Feb. 16, 2012)........................................15

*Lyman v. Loan Correspondents Inc.*
    470 Fed. Appx. 688 (9th Cir. 2012)..........................................................................19

*McCormick v. Remington Arms. Co.*
    No. 12-cv-215 (W.D. Okla. Sept. 4, 2012) .................................................................3

*Mecklenburg County v. Nortel Gov't Solutions, Inc.*
    No. 3:07-CV-00320, 2008 WL 906319 (W.D.N.C. Apr. 1, 2008) .......................................28

*Moss v. U.S. Secret Serv.*
    572 F.3d 962 (9th Cir. 2009) ...................................................................................5

*PlastWood SRL v. Rose Art Indus., Inc.*
    No. C07-0458JLR, 2007 WL 3129589 (W.D. Wash. Oct. 23, 2007)....................................21

*Pollard v. Remington Arms Co., et al.*
    No. 4:13-cv-00086 (W.D. Mo. Jan. 28, 2013)...............................................................3

*Rodgers & Brooks v. Remington Arms Co.*
    No. 09-cv-1054, 2011 WL 2746150 (W.D. Ark. July 12, 2011), 2010 WL 6971894
    (W.D. Ark. Oct. 27, 2010) ..................................................................................3, 17

*Rohlik v. I-Flow Corp.*
    No. 7:10-CV-173-FL, 2011 WL 2669302 (E.D.N.C. July 7, 2011).....................................26

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - iv

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*Sanford v. MemberWorks, Inc.*
   625 F.3d 550 (9th Cir. 2010) ...................................................................10, 13

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ...............................................................................5

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007) ...............................................................................9

*Theme Promotions, Inc. v. News Am. Mktg. FSI*
   546 F.3d 991 (9th Cir 2008) ..............................................................................32

*U.S. v. Corinthian Colls.*
   655 F.3d 984 (9th Cir. 2011) .........................................................................9, 10

*Vess v. Ciba-Geigy Corp.*
   317 F.3d 1097 (9th Cir. 2003) .............................................................................6

*Vernon v. Qwest Commc'ns Int'l, Inc..*
   643 F. Supp. 2d 1256 (W.D. Wash. 2009)...........................................................6

*Wessa v. Watermark Paddlesports, Inc.*
   No. C06-5156-FDB, 2006 WL 1418906 (W.D. Wash. May 22, 2006)................12

*Wilson v. Bank of Am., N.A.*
   No. C12-1532JLR, 2013 WL 275018 (W.D. Wash. Jan. 24, 2013) ................10, 19

*Wireless Commc'ns, Inc. v. Epicor Software Corp.*
   No. 3:10CV556, 2011 WL 90238 (W.D.N.C. Jan. 11, 2011)..............................28

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
   379 F.3d 1120 (9th Cir. 2004) ............................................................................32

**STATE CASES**

*Adams v. A.J. Ballard, Jr. Tire & Oil Co., Inc.*
   Nos. 01-CVS-1271, 03-CVS-912 ...............................................................22, 23

*Anderson v. Dreis & Krump Mfg. Corp.*
   739 P.2d 1177 (Wash. Ct. App. 1987) .................................................................16

*Anderson v. Weslo, Inc.*
   906 P.2d 336 (Wash. Ct. App. 1995)...................................................................15

*Baughn v. Honda Motor Co., Ltd.*
   727 P.2d 655 (Wash. 1986)..................................................................................16

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*Bernick v. Jurden*
　　293 S.E.2d 405 (N.C. 1982)............................................................29, 30

*Booe v. Shadrick*
　　369 S.E.2d 554 (N.C. 1988)....................................................................31

*Boudreau v. Baughman*
　　368 S.E.2d 849 (N.C. 1988)....................................................................23

*Cacha v. Montaco, Inc.*
　　554 S.E.2d 388 (N.C. Ct. App. 2001) ....................................................23

*Chicopee, Inc. v. Sims Metal Works, Inc.*
　　391 S.E.2d 211 (N.C. Ct. App. 1990) ....................................................27

*Colony Hill Condo. I Ass'n v. Colony Co.*
　　320 S.E.2d 273 (N.C. Ct. App. 1984) ....................................................22

*Cox v. O'Brien*
　　206 P.3d 682 (Wash. Ct. App. 2009) ......................................................21

*Dalton v. Camp*
　　548 S.E.2d 704 (N.C. 2001)....................................................................25

*DeWitt v. Eveready Battery Co., Inc.*
　　565 S.E.2d 140 (N.C. 2002)....................................................................30

*Frazier v. Beard*
　　No. 94-CVS-2362, 1996 WL 33373366 (N.C. Super. Ct. Oct. 24, 1996) .............................31

*Green v. Freeman*
　　733 S.E.2d 542 (N.C. Ct. App. 2012) ....................................................25

*Gregory v. Atrium Door & Window Co.*
　　415 S.E.2d 574 (N.C. Ct. App. 1992) ....................................................29

*Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Dirs. v. DJF Enters., Inc.*
　　697 S.E.2d 439 (N.C. Ct. App. 2010) ....................................................29

*Hue v. Farmboy Spray Co., Inc.*
　　896 P.2d 682 (Wash. 1995)......................................................................15

*Jack H. Winslow Farms, Inc. v. Dedmon*
　　615 S.E.2d 41 (N.C. Ct. App. 2005) ................................................22, 23

*Jefferson Standard Life Ins. Co. v. Guilford Co.*
　　34 S.E.2d 430 (N.C. 1945)......................................................................31

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - vi

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*Kittitas Reclamation Dist. v. Spider Staging Corp.*
  27 P.3d 645 (Wash. Ct. App. 2001) ...................................................................18

*Macias v. Saberhagan Holdings, Inc.*
  282 P.3d 1069 (Wash. 2012) ...........................................................................15

*Maybank v. S. S. Kresge Co.*
  266 S.E.2d 409 (N.C. Ct. App. 1980) ..............................................................31

*McLaughlin v. Watercraft Int'l., Inc.*
  No. 38494-5-I, 1997 WL 537862 (Wash. Ct. App. Sept. 2, 1997) ...................20

*Monson v. Paramount Homes, Inc.*
  515 S.E.2d 445 (N.C. Ct. App. 1999) ..............................................................23

*Moore v. Coachmen Indus., Inc.*
  499 S.E.2d 772 (N.C. 1998) .......................................................................24, 27

*Patriot Performance Materials, Inc. v. Powell*
  No. 12-CVS-814, 2013 WL 601098 (N.C. Super. Ct. Feb. 13, 2013) ..............31

*Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*
  712 S.E.2d 670 (N.C. Ct. App. 2011) ..............................................................31

*Reece v. Homette Corp.*
  429 S.E.2d 768 (N.C. Ct. App. 1993) ..........................................................24, 28

*Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*
  991 P.2d 1126 (Wash. 2000) ...........................................................................21

*Smith v. Fiber Controls Corp.*
  268 S.E.2d 504 (N.C. 1980) .............................................................................30

*Stallings v. Gunter*
  394 S.E.2d 212 (N.C. Ct. App. 1990) ..............................................................23

*Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*
  831 P.2d 724 (Wash. 1992) .........................................................................16, 17

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisions Corp.*
  858 P.2d 1054 (Wash. 1993) ...........................................................................15

**STATUTES**

15 U.S.C. § 2301 ...................................................................................20, 30

28 U.S.C. § 2201 ...........................................................................................32

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

N.C. Gen. Stat. § 1-46.1 ................................................................................22, 23, 24

N.C. Gen. Stat. § 1-50(6) ........................................................................................23

N.C. Gen. Stat. § 25-2-725 .....................................................................................29

N.C. Gen. Stat. § 75-1.1 ...................................................................22, 24, 25, 26, 27

N.C. Gen. Stat. § 99B ..............................................................................................24

N.C. Gen. Stat. § 99B-1.1 ........................................................................................30

N.C. Gen. Stat. § 99B-2(b) ......................................................................................28

Wash. Rev. Code Ann. § 19.86.010 ................................................................. *passim*

Wash. Rev. Code § 7.72.010 ........................................................................12, 14, 15

Wash. Rev. Code § 7.72.060 ............................................................................14, 15

Wash. Rev. Code. § 62A.2-313(1)(a) ......................................................................16

Wash. Rev. Code § 62A.2-725 ...........................................................................17, 18

**RULES**

Fed. R. Civ. P. 8(a)(2) ................................................................................................5

Fed. R. Civ. P. 9(b) ........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) .........................................................................................1, 5

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants Remington Arms Company, LLC, Sporting Goods Properties, Inc., and E.I. du Pont de Nemours & Company ("Defendants") submit the following memorandum of law in support of their motion to dismiss all counts alleged in Plaintiffs' Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' claims fail under both Washington and North Carolina law. For the Court's convenience, the following chart summarizes the bases for dismissal of each Count:

| STATE | REASON(S) FOR DISMISSAL |
|---|---|
| **COUNT I:  VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT** | |
| Washington | 1.   Not pled with particularity under Rule 9(b).  *See* p. 6–14. |
| **COUNT II:  VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT** | |
| North Carolina | 1.   Precluded by the statute of repose.  *See* p. 22–24.<br>2.   Barred by the economic-loss rule.  *See* p. 24–25.<br>3.   Insufficiently pled.  *See* p. 25–27. |
| **COUNT III:  STRICT PRODUCTS LIABILITY** | |
| Washington | 1.   Barred by the economic-loss rule.  *See* p. 14.<br>2.   Precluded by the statute of repose.  *See* p. 14–15. |
| North Carolina | 1.   Cause of action is not recognized.  *See* p. 30–31. |
| **COUNT IV:  NEGLIGENCE** | |
| Washington | 1.   Subsumed by the Washington Consumer Protection Act.  *See* p. 15.<br>2.   No duty to recall.  *See* p. 15. |
| North Carolina | 1.   Precluded by the statute of repose.  *See* p. 22–24.<br>2.   Barred by the economic-loss rule.  *See* p. 27.<br>3.   No duty to recall.  *See* p. 27. |

DEFENDANTS' MOTION TO DISMISS<br>(2:13-cv-00172-JCC) - 1<br><br>904765

<span style="font-variant: small-caps;">Wilson Smith Cochran Dickerson</span><br>A PROFESSIONAL SERVICE CORPORATION<br>901 Fifth Avenue, Suite 1700<br>Seattle, Washington 98164-2050<br>Telephone: (206) 623-4100   Fax: (206) 623-9273

| COUNT V:  VIOLATION OF THE MAGNUSON-MOSS ACT | |
|---|---|
| Washington | 1.   Fails along with state-law warranty claims.  *See* p. 20. |
| North Carolina | 1.   Fails along with state-law warranty claims.  *See* p. 30. |
| COUNT VI:  BREACH OF EXPRESS WARRANTY | |
| Washington | 1.   Barred by the statute of limitations.  *See* p. 17–20.<br>2.   Insufficiently pled.  *See* p. 16–17. |
| North Carolina | 1.   Precluded by the statute of repose.  *See* p. 22–24.<br>2.   Barred by the statute of limitations.  *See* p. 29–30.<br>3.   Insufficiently pled.  *See* p. 29. |
| COUNT VII:  BREACH OF IMPLIED WARRANTY | |
| Washington | 1.   Barred by the statute of limitations.  *See* p. 17–20.<br>2.   No privity.  *See* p. 16. |
| North Carolina | 1.   Precluded by the statute of repose.  *See* p. 22–24.<br>2.   Barred by the statute of limitations.  *See* p. 29–30.<br>3.   No privity.  *See* p. 28–29. |
| COUNT VIII:  FRAUDULENT CONCEALMENT | |
| Washington | 1.   Not pled with particularity under Rule 9(b).  *See* p. 6–14. |
| North Carolina | 1.   Precluded by the statute of repose.  *See* p. 22–24.<br>2.   Barred by the economic-loss rule.  *See* p. 27–28.<br>3.   Not pled with particularity under Rule 9(b).  *See* p. 27. |
| COUNT IX:  UNJUST ENRICHMENT | |
| Washington | 1.   Adequate remedy at law.  *See* p. 21.<br>2.   Insufficiently pled.  *See* p. 21–22. |
| North Carolina | 1.   Adequate remedy at law.  *See* p. 31–32.<br>2.   Insufficiently pled.  *See* p. 31–32. |
| COUNT X:  DECLARATORY RELIEF | |
| Washington | 1.   No controversy.  *See* p. 32. |
| North Carolina | 1.   No controversy.  *See* p. 32. |

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

**INTRODUCTION**

This ten-count putative class action is just one of several recent attempts to pursue baseless economic-loss claims involving the Walker fire control mechanism in Remington Model 700 rifles.  In 2011 and 2012, the United States District Courts for the Western Districts of Oklahoma and Arkansas dismissed nearly identical nationwide class action complaints for failure to allege cognizable claims.[1]  Given the failure of those nationwide efforts, Plaintiffs William Moodie and James Waterman now seek to represent a putative class of Washington and North Carolina owners of Remington Model 700 rifles.[2]  As with the prior unsuccessful efforts, these Plaintiffs' claims fail on multiple levels and should be dismissed.[3]

**BACKGROUND**

Plaintiffs allege that the Walker fire control mechanism in Model 700 rifles is defective, resulting in economic damages to rifle owners residing in the states of Washington and North Carolina.  Specifically, Plaintiffs claim that the "patented Walker Fire Control" mechanism purportedly allows debris and other foreign material to slip between the trigger and trigger connector, causing the mechanism to be susceptible to accidental discharges when the trigger has not been pulled.  Compl. at ¶¶ 25–26.

---

[1] *See McCormick v. Remington Arms Co.*, No. 12-cv-215 (W.D. Okla. Sept. 4, 2012) (dismissing for failure to state a claim) (attached as Ex. A); *Kinzer & Cherry v. Remington Arms Co.*, No. 09-cv-1242 (W.D. Okla. Sept. 1, 2010, Oct. 28, 2011, & Sept. 4, 2012) (dismissing/entering defense summary judgment for failure to state a claim) (attached as Composite Ex. B); *Rodgers & Brooks v. Remington Arms Co.*, No. 09-cv-1054, 2011 WL 2746150 (W.D. Ark. July 12, 2011), 2010 WL 6971894 (W.D. Ark. Oct. 27, 2010) (dismissing for failure to state a claim).

[2] This same group of Plaintiffs' counsel has filed nearly identical putative class action complaints in the United States District Courts for the Western District of Missouri and Southern District of Florida.  *See Pollard v. Remington Arms Co., et al.*, No. 4:13-cv-00086 (W.D. Mo. Jan. 28, 2013) (attached as Ex. C); *Chapman v. Remington Arms Co., et al.*, No. 1:12-cv-24561 (S.D. Fla. Dec. 31, 2012) (attached as Ex. D).

[3] Plaintiffs' putative class counsel from Kansas City and Montana were also putative class counsel in the *McCormick* and *Kinzer* cases.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 3

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff Moodie resides in Bothell, Washington, and in or around 1992 purchased a Model 700 rifle from a Washington retailer.  *Id.* at ¶ 10.  Plaintiff Waterman resides in Gastonia, North Carolina, and in or around 1996 purchased a Model 700 rifle from a North Carolina retailer.  *Id.* at ¶ 11.  Each Plaintiff alleges that his rifle accidentally discharged in 2012 while he was hunting in his home state.  *Id.* at ¶¶ 10–11.

Plaintiffs contend that their Model 700s are "valueless" and that they would not have purchased the rifles had they been aware of the allegedly defective fire control mechanism.  *Id.* at ¶¶ 79, 125, 163.  Plaintiffs seek damages based on the inadequate value received when they purchased their Model 700 rifles in 1992 and 1996, including damages for repair or replacement of the fire control mechanism in their rifles.  *Id.*  Plaintiffs ask this Court to decide claims under both Washington and North Carolina law.

Plaintiffs seek to certify a class consisting of all "individuals in the States of Washington ('the Washington Class') and North Carolina ('the North Carolina Class') that [sic] owned a Remington Model 700 Rifle originally manufactured and distributed with a Walker Fire Control Trigger Mechanism."  *Id.* at ¶ 60.[4]  Plaintiffs expressly exclude from the proposed class any "persons claiming personal injuries as a result of the defect in the Remington [Model] 700."  *Id.*  Plaintiffs seek economic damages for (1) violation of the Washington Consumer Protection Act; (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act; (3) strict products liability; (4) negligence; (5) violation of the Magnuson-Moss Act; (6) breach of express warranty; (7) breach of implied warranty of merchantability; (8) fraudulent concealment; and (9) unjust enrichment.  Plaintiffs additionally seek a declaration that all Model 700 rifles employing

---

[4] In this way, Plaintiffs appear to seek certification of a single class made up of two subclasses—one comprised of Washington residents and one comprised of North Carolina residents.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 4

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1  the Walker fire control are defective and that Defendants should issue a recall.

2  <u>**LEGAL STANDARD FOR MOTION TO DISMISS**</u>

3      To sufficiently state a claim and resist a Rule 12(b)(6) motion, a complaint "does not

4  need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to

5  relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A]

6  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

7  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8  do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must

9  accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

10  However, a court is not "required to accept as true allegations that are merely conclusory,

11  unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,

12  266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the

13  non-conclusory factual content, and reasonable inferences from that content, must be plausibly

14  suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572

15  F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  "Threadbare recitals of the elements of a

16  cause of action, supported by mere conclusory statements, [also] do not suffice." *Iqbal*, 556 U.S.

17  at 678.

18      //

19      //

20      //

21      //

22      //

23      //

**ARGUMENT**

**I.    ALL OF MOODIE'S CLAIMS FAIL UNDER WASHINGTON LAW.**[5]

    **A.    Moodie's Claims for Violation of the Washington Consumer Protection Act and Fraudulent Concealment (Counts I and VIII) Are Insufficiently Pled Under Rule 9(b).**

Count I, which sounds in fraud, alleges a violation of the Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.010 *et seq.* ("WCPA").  Count VIII alleges a cause of action for fraudulent concealment.  Both claims fail to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Pursuant to Rule 9(b), a plaintiff must plead the circumstances constituting an alleged fraud with particularity.  Courts "require increased specificity when parties plead allegations of fraud."  *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003).  The heightened pleading standard of Rule 9(b) plainly applies to Moodie's fraudulent concealment claim.  *See, e.g.*, *Exportadora de Sal, S.A. de C.V. v. Travelers Indem. Co.*, 43 F.3d 1479, 1479 (9th Cir. 1994) (noting that Rule 9(b) "applies to 'all averments of fraud,' including allegations of fraudulent concealment").

Rule 9(b)'s heightened pleading requirement also extends to claims other than common-law fraud when the claim is nonetheless "grounded in fraud."  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  *See also Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1264–65 (W.D. Wash. 2009) (noting that Rule 9(b) can also apply where the "claim is based on 'a unified course of fraudulent conduct,' . . . where fraud is an essential element of a claim or where Plaintiffs allege some fraudulent and some non-fraudulent

---

[5] For purposes of this motion, Defendants apply the law of the states in which each named Plaintiff resides—Washington for Moodie and North Carolina for Waterman.  Defendants reserve the right to later challenge, on choice-of-law grounds, the applicable governing law(s) in light of other states' relationship to the occurrences and parties.

conduct"); *Fid. Mortg. Corp.*, 213 F.R.D. at 575 (applying Rule 9(b) to a WCPA claim premised on the allegation that the defendant "'knowingly publish[ed] false, deceptive, and/or misleading information' damaging to plaintiff" and thus "mirror[ed] the elements of an action for fraud"). Here, the WCPA claim specifically emphasizes Defendants' allegedly fraudulent conduct. *See, e.g.*, Compl. at ¶¶ 75 ("Defendants *employed fraud* . . . in their sale and advertisement of the Product . . ."), 81 ("Defendants have acted *unfairly and deceptively by misrepresenting* the quality, safety and reliability of the Product."), 85 ("Defendants used . . . *unfair or deceptive acts* or practices in conducting their businesses . . .") (emphases added).   Consequently, like the fraudulent concealment claim, Moodie's WCPA claim is subject to the heightened pleading standard of Rule 9(b).

### 1. The WCPA and Fraudulent Concealment Claims Must Be Dismissed Because They Rely on Improper "Shotgun" and "Puzzle" Pleading.

As an initial matter, Moodie's claims for violation of the WCPA and fraudulent concealment fail to satisfy the heightened pleading requirement of Rule 9(b) because both claims impermissibly rely upon "shotgun" and "puzzle" pleading.

> A complaint is deficient for the purposes of Rule 9(b) when it relies on "shotgun" or "puzzle" pleading.   "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."   Similarly, puzzle pleadings are those that require the defendant and the court to "match the statements up with the reasons they are false or misleading."

*In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) (internal citations omitted).

The fraud-based allegations in Counts I and VIII are classic illustrations of "puzzle" pleading prohibited under Rule 9(b).  By way of example, the Complaint alleges in Paragraph 74 that "Defendants violated WCPA by engaging in the unfair and deceptive actions and/or

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 7

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

omissions as described herein by engaging in unfair or deceptive acts or practices that occurred in trade or commerce, had an impact on public interest, and caused injury to property." Compl. at ¶ 74. It is impossible for the Court or Defendants to determine from this allegation the "actions and/or omissions" underlying this Count without referring to earlier allegations regarding Defendants' conduct and attempting to match them to Count I's claim of unfairness and deception. Similarly, in Paragraph 80, the Complaint alleges that "Defendants' concealment, suppression, or omission of material facts as alleged herein constitutes unfair, deceptive and fraudulent business practices within the meaning of the WCPA." *Id.* at ¶ 80. Again, Defendants cannot meaningfully respond to this statement because Moodie has failed to identify the specific allegation(s) that support any particular element of his WCPA claim within Count I. The fraudulent concealment allegations are likewise unacceptable under Rule 9(b). For example, Paragraph 160 generally alleges that "Defendants made the affirmative representations as set forth in this Complaint" (Compl. at ¶ 160) but nowhere in Count VIII itself does Moodie identify any particular representation. It is not the responsibility of Defendants or the Court to pick through Plaintiffs' scattered allegations and guess—either as to which "affirmative representations" are referred to in Paragraph 160—or as to the reasons why such representations are misleading.

This puzzle pleading is exacerbated by the Complaint's further reliance on impermissible "shotgun" pleading. Paragraphs 24 through 59 set forth so-called "common factual allegations," many of which appear to relate to both of the fraud-based claims. Yet the Complaint fails to connect any of these general allegations to Counts I or VIII specifically, instead simply purporting to "incorporate by reference all allegations contained in the foregoing paragraphs." *Id.* at ¶¶ 70 (Count I), 159 (Count VII). It is impossible to determine which specific prior

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 8

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

allegations Moodie contends bear any relationship to Counts I and VIII.  This is insufficient under Rule 9(b).  *See, e.g.*, *In re Metro. Sec. Litig.*, 532 F. Supp. 2d at 1279–80 (noting that Rule 9(b) is not satisfied where "'[n]o further reference is made to the previous allegations in the complaint, leaving the reader to wonder which prior paragraphs support the elements of the fraud claim'").

The Court and Defendants should not be required to cull through 177 paragraphs of allegations to speculate as to which representations, actions, and/or omissions were allegedly fraudulent and why they were false or misleading.  The allegations relating to the fraud-based claims are plain examples of prohibited "puzzle" and "shotgun" style pleading.  For this reason alone, Counts I and VIII are deficient under Rule 9(b) and should be dismissed.

### 2.   *The Complaint Fails to Differentiate the Fraud-Based Allegations as to Each Defendant as Required by Rule 9(b).*

The WCPA and fraudulent concealment allegations also fail to satisfy Rule 9(b) because they impermissibly refer to "Defendants" as a whole.  Where fraud-based claims are asserted against multiple defendants, the "'plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme.'"  *U.S. v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007)).  *See also Guketlov v. Homekey Mortg., LLC*, No. C09-1265JLR, 2009 WL 3785575, at *4 (W.D. Wash. Nov. 9, 2009) (same).  "'Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  *Corinthian Colls.*, 655 F.3d at 997–98.

This Complaint is replete with allegations of fraudulent conduct that lump Defendants together in violation of Rule 9(b).  Indeed, every allegation in Counts I and VIII simply attributes

wholesale the alleged fraudulent conduct to "Defendants" generally.  *See* Compl. at ¶¶ 70–89; 159–165.  But "Rule 9(b) undoubtedly requires more" than such wholesale allegations that "Defendants" engaged in fraudulent conduct.  *See Corinthian Colls.*, 655 F.3d at 998.  Not once does the Complaint differentiate the fraud-based claims in a way that would inform each Defendant separately of the allegations surrounding its alleged participation in the fraud as required by Rule 9(b).  Counts I and VIII should be dismissed for this reason as well.

> **3.**     ***The WCPA and Fraudulent Concealment Claims Are Not Pled with the Particularity Required by Rule 9(b).***

Either of the bases outlined above supports dismissal of the WCPA and fraudulent concealment claims, and it is therefore not necessary to parse through the entire Complaint to determine the precise contours of those claims.  Nonetheless, a review of the Complaint as a whole reveals that these claims fall short of the particularity required by Rule 9(b).

In describing the minimum particularity required under Rule 9(b), the Ninth Circuit has explained:

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong. . . .  [T]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (internal citations and quotations omitted).  Rule 9(b) requires the plaintiff to identify the "who, what, when, where, and how" of the supposed fraud, as well as what is false or misleading about the ostensibly fraudulent conduct and why it is false.  *Wilson v. Bank of Am., N.A.*, No. C12-1532JLR, 2013 WL 275018, at *5 (W.D. Wash. Jan. 24, 2013) (citations omitted).  Moodie's WCPA and fraudulent concealment claims lack this critical specificity and merely recite the legal elements

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 10

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

of those claims.

In Paragraph 74, for example, Moodie claims that "Defendants violated WCPA by engaging in the unfair and deceptive actions and/or omissions as described herein by engaging in unfair or deceptive acts or practices that occurred in trade or commerce, had an impact on public interest, and caused injury to property."  Compl. at ¶ 74.  This allegation fails to satisfy any of the "who, what, when, where, and how" criteria required by Rule 9(b) in several ways.  First, it is impossible to discern the precise "unfair or deceptive acts or practices" in which Defendants allegedly engaged.  The Complaint never identifies the specific practice to which Count I refers.  Second, there is no way to determine when these actions occurred, who participated in these actions, or who specifically was affected by these actions.  Indeed, Moodie makes no allegation that any such "unfair or deceptive acts or practices" had any impact on him.  Third, the quoted language says nothing about how the allegedly unfair or deceptive acts were fraudulent.  Failure to provide such particulars "results in a lack of adequate notice to the Court and to the defendants as to the nature of plaintiff's claim and is therefore contrary to" Rule 9(b).  *Fid. Mortg. Corp.*, 213 F.R.D. at 575–76.  Fourth, this allegation contains no information as to how the allegedly deceptive conduct harmed Moodie or the amount of damage sustained.[6]

The WCPA allegations in Count I related to purported omissions are similarly vague and lacking in the required particularity.  In Paragraph 75, the Complaint generally alleges that "Defendants employed fraud, deception, false promise, misrepresentation and the knowing

---

[6] Moreover, it is difficult to conceive how Moodie could sufficiently state a claim even if permitted to re-plead.  Moodie neglects to mention that after he experienced the alleged accidental discharge of his rifle, he sent the rifle to Remington for inspection in 2011.  As a goodwill gesture, and despite the fact that the rifle had been purchased 19 years earlier, Remington removed the allegedly defective Walker fire control and installed a new X-Mark Pro fire control on Moodie's rifle at a 50 percent discount.  *See* Ex. E.  Notably, Plaintiffs allege in Paragraph 29 of their Complaint that the X-Mark Pro fire control is a "safe design."  Compl. at ¶ 29.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 11

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   Fax: (206) 623-9273

concealment, suppression, or omission of material facts in their sale and advertisement of the Product in the State of Washington."   Compl. at ¶ 75.   Where claims relate to allegedly concealed information, "Rule 9(b) mandates the pleading set forth the type of facts omitted and the way in which the facts made the representations misleading."   *Wessa v. Watermark Paddlesports, Inc.*, No. C06-5156-FDB, 2006 WL 1418906, at *3 (W.D. Wash. May 22, 2006) (citation omitted).   The language in Paragraph 75 offers no clue of the precise nature of the alleged concealed facts except that they were somehow "material."   It is not even possible to discern how the omitted facts made any representations misleading.   The fraudulent concealment allegations in Count VIII are similarly vague and lacking in the required particularity.   *See* Compl. at ¶¶ 159–165.[7]

Even if the Court considers purported misrepresentations and/or fraudulent statements made outside of Counts I or VIII, these allegations are also insufficient under Rule 9(b).   Such allegations fail to identify who made any purported misrepresentation, what it was, when it was made, where it was made, and how it was made.   For example, in Paragraph 49, the Complaint alleges:

> In response to complaints from consumers regarding unintended firings of the Model 700 Rifle without a trigger pull, consumers were and are asked to return their rifle to Defendants for repair and testing.   Defendants purportedly test the rifle, albeit using undisclosed testing procedures.   Following the testing, Defendants consistently claim that they were "unable to duplicate" to unintended discharge, or that they were or are "unable to duplicate" the customer's complaint.   On information and belief, Defendants statements [sic] are false and fraudulent and made to deceive and continue to deceive consumers about the defects associated with the Rifles. . . .

---

[7] Moreover, Defendants are unaware of any case where a Washington court has recognized a separate cause of action for fraudulent concealment involving the sale of consumer goods or products either under the UCC or Washington Products Liability Act, Wash. Rev. Code § 7.72.010 *et seq*. ("WPLA").

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 12

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Compl. at ¶ 49.  This purportedly fraudulent statement satisfies none of the "who, what, when, where, and how" criteria required of a properly-pled fraud claim.  First, it is impossible to determine the precise statements or representations Defendants allegedly made, or the manner in which they were allegedly made.  Rule 9(b) and the Ninth Circuit require more particularity.  *See Sanford*, 625 F.3d at 558 (noting that "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct" and that, accordingly, to "avoid dismissal for inadequacy under Rule 9(b)," plaintiff must also allege the "specific content of the false representations").  Second, there is no way to determine when, to whom, or by whom these statements allegedly were made.  There are certainly no allegations that any statement was ever made to Moodie.  Defendants simply have no meaningful way to formulate a response to, much less investigate the merits of, such vague and unparticular allegations of fraud.  Third, the Complaint says nothing about how Defendants' unspecific fraudulent statements allegedly misled Moodie.  Details of the timing and substance of the statements at issue are critically important to determining reliance, if any, by Moodie on such statements, the justifiability of such purported reliance, and whether such purported reliance resulted in any damages.

The closest the Complaint ever comes to identifying specific statements is in the lengthy description of a documentary aired on CNBC in 2010 and Remington's response to certain allegations therein.  *Id.* at ¶¶ 51–58.  Even if this were pled specifically enough (it is not), Moodie's fraud-based claims would still fail because those statements were made long *after* he purchased his rifle.  Post-purchase statements cannot possibly form the basis of a viable fraud claim.  *See, e.g.*, *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1016 (9th Cir. 2003) (noting that statements made in 1998 could not support justifiable reliance required for fraud

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 13

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

claim because plaintiff had already decided by 1997 to maintain its business relationship with defendant).[8]

At bottom, the WCPA and fraudulent concealment allegations are little more than legal conclusions.   Counts I and VIII should thus also be dismissed for failure to satisfy the particularity mandated by Rule 9(b).

### B.   Moodie's Strict-Liability Claim (Count III) Is Barred Under Washington Law.

In Washington, strict products liability claims are governed by the Washington Products Liability Act, Wash. Rev. Code § 7.72.010 *et seq*. ("WPLA").   Although the WPLA permits a plaintiff to recover for certain harms caused by defective products, the WPLA expressly excludes economic loss.   *See* Wash. Rev. Code § 7.72.010(6) (noting that "harm" under the Act "does not include direct or consequential economic loss").   Because Moodie seeks damages only for the economic loss allegedly arising from the diminution in value of the allegedly defective product, (*see, e.g.*, Compl. at ¶¶ 79, 125, 163), Count III does not allege a cognizable harm under the WPLA and should be dismissed.

Beyond the economic-loss rule, Count III is also precluded by Washington's statute of repose.   In Washington, proof that the harm was caused after the product's useful safe life had expired is an absolute defense to a products liability claim.   *Id.* § 7.72.060(1).   The useful safe life of a product, which is presumed to be 12 years,  begins to run from the time that the product is delivered to the first user of the product.   *Id.* §§ 7.72.060(1)(a); 7.72.060(2).   According to the Complaint, Moodie experienced an accidental discharge while hunting in 2012—*twenty years* after he purchased his Model 700 rifle in 1992, and thus approaching twice the length of the

---

[8] If the Court allows Moodie to re-plead his fraud-based claims, he should, at a minimum, not be allowed to base them on statements made after he purchased his rifle in 1992.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 14

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

statutory period.  *See* Compl. at ¶ 10.  Because this incident occurred well past the product's "useful safe life" under the statute, Count III should be dismissed on this ground as well.

### C.      Washington Does Not Permit an Independent Products Liability Claim Based on Negligence (Count IV).

Count IV alleges an independent, product-based cause of action for negligence.  This claim is not viable under Washington law, however, because it is subsumed by the WPLA.

The WPLA "'created a single cause of action for product-related harms, and supplants previously existing common law remedies, including common law actions for negligence.'" *Lovold v. Fitness Quest Inc.*, No. C11:569Z, 2012 WL 529411, at *5 (W.D. Wash. Feb. 16, 2012) (quoting *Wash. State Physicians Ins. Exch. & Ass'n v. Fisions Corp.*, 858 P.2d 1054, 1066 (Wash. 1993)).  "Insofar as a negligence claim is product-based, the negligence theory is subsumed under the WPLA product liability claim."  *Macias v. Saberhagan Holdings, Inc.*, 282 P.3d 1069, 1074 (Wash. 2012) (citations omitted).  *See also Hue v. Farmboy Spray Co., Inc.*, 896 P.2d 682, 693 (Wash. 1995) ("To the extent that the negligence claim is product-based, [the WPLA] . . . provides for a single cause of action against the product manufacturer" and plaintiff's "negligence" theory would therefore "be subsumed under plaintiffs' [WPLA] action."); *Anderson v. Weslo, Inc.*, 906 P.2d 336, 340 (Wash. Ct. App. 1995) ("The standard for allegations of defective design . . . is one of strict liability.").

Here, the "negligence" allegations, (*see* Compl. at ¶¶ 121–26), address alleged design defects in the Model 700 rifle and are thus precisely the types of allegations encompassed by the WPLA.  Count IV must therefore be dismissed.[9]

---

[9] Count IV also includes an allegation that Defendants "breached their duty to Plaintiffs . . . by failing to promptly remove the Product from the marketplace or to take other appropriate remedial action."  Compl. at ¶ 123.  Insofar as this is an attempt to state a claim for negligent failure to recall, Moodie's negligence claim further fails because such a duty is not recognized in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**D.    Moodie's State-Law Warranty Claims (Counts VI and VII) Must Be Dismissed.**

**1.    *The Implied Warranty Claim Fails for Lack of Privity.***

Count VII alleges that Defendants breached one or more implied warranties.  Washington adheres to the traditional rule that a plaintiff may not bring an implied warranty claim under the UCC absent contractual privity.  *See, e.g.*, *Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 669 (Wash. 1986).  Moodie has not only failed to allege privity of contract with Defendants, the Complaint's allegations make abundantly clear that privity did *not* exist:  Paragraph 10 admits that Moodie purchased his rifle from a retail store that is not a defendant here.  Absent contractual privity between Moodie and Defendants, there can be no cause of action for breach of an implied warranty.  *See, e.g.*, *Anderson v. Dreis & Krump Mfg. Corp.*, 739 P.2d 1177, 1182 (Wash. Ct. App. 1987) (finding that plaintiff's breach of implied warranty claim was properly dismissed because plaintiff lacked privity with manufacturer).  *See also Kinzer & Cherry v. Remington Arms Co.*, No. 09-cv-1242 (W.D. Okla. Sept. 1, 2010 & Sept. 4, 2012) (dismissing implied warranty claims for lack of privity) (attached as Composite Exhibit B).

**2.    *The Express Warranty Claim Is Insufficiently Pled.***

To state a claim for breach of express warranty in Washington, the plaintiff must demonstrate knowledge of the alleged representation, and that the representation was a basis of the bargain.  *See, e.g.*, Wash. Rev. Code § 62A.2-313(1)(a) (noting that the express warranty must be one that "relates to the goods and becomes part of the basis of the bargain"); *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 831 P.2d 724, 731 (Wash.

---

Washington.  *See, e.g.*, *Bear ex rel. Bloom v. Ford Motor Co.*, No. CV-05-0253-EFS, 2007 WL 870344, at *3 (E.D. Wash. March 20, 2007) (noting that the issue of recall is not contemplated by the WPLA and therefore finding that plaintiff's expert was precluded from testifying as to a duty to recall).

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

1992) ("Recovery for a breach of an express warranty is contingent on a plaintiff's knowledge of the representation.").  Here, Moodie does not allege that he received the warranty such that it became part of the "basis of the bargain" of his purchase.  In fact, he never alleges that he ever saw or knew of the terms of any express warranty.  Rather, the Complaint only generally alleges that Defendants "provided" a warranty with the products.  *See* Compl. at ¶ 133.  This conclusory allegation is insufficient to raise the likelihood of his success on the merits beyond a speculative level, *see Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678, and Moodie's claim for breach of express warranty should thus be dismissed on this basis alone.  *See, e.g.*, *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1227 (W.D. Wash. 2012) (granting motion for summary judgment on plaintiff's breach of express warranty claim where plaintiff failed to point to any evidence that she or her doctors decided to use the manufacturer's product "because the Defendants' [sic] 'warranted' the safety of their product in a particular way, or, that [plaintiff's] physicians would not have prescribed the [product] without this alleged express warranty").  Indeed, another district court has dismissed an express warranty claim concerning Model 700 rifles because the plaintiffs failed to allege that they relied upon the purported warranties, such that they became the basis for their bargain.  *Rodgers & Brooks v. Remington Arms Co.*, 2011 WL 2746150, at *1 (adopting magistrate's report and recommendation (2010 WL 6971894, at *3–4 (W.D. Ark. Oct. 27, 2010))).

### 3. *The Statute of Limitations Bars the Breach of Warranty Claims.*

Even if Moodie's express warranty claim were sufficiently pled—and to the extent the implied warranty claim is not dismissed for lack of privity—Counts VI and VII are both barred by the four-year statute of limitations applicable to breach of warranty claims.  *See* Wash. Rev. Code § 62A.2-725.  The statute of limitations on the implied warranty claim begins to run on the

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 17

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

date of delivery of the goods.  *Id.*  Here, Moodie alleges that he purchased his rifle in 1992.

Compl. at ¶ 10.  His claim for breach of the implied warranty of merchantability began to run at

that point and thus expired in 1996, sixteen years before this action was filed.

For Moodie's express warranty claim, the statute of limitations also begins to run on the

date of delivery of the goods, unless the warranty "*explicitly* extends to future performance" and

the "discovery of the breach must await the time of such performance."  Wash. Rev. Code §

62A.2-725 (emphasis added).  When future performance is promised, the statute of limitations

begins to run "when the breach is or should have been discovered."  *Id.*  The "future

performance" exception is construed "very narrowly."  *Kittitas Reclamation Dist. v. Spider

Staging Corp.*, 27 P.3d 645, 649 (Wash. Ct. App. 2001).  For a warranty to be *explicit* such that

the exception applies, "the warranty of future performance must be unambiguous, clearly stated,

or distinctly set forth.  A warranty of future performance must also expressly refer to a future

time."  *Id.* (citations omitted).

Just as Moodie never alleged that he relied on (or ever saw) an express warranty, he

provides no facts sufficient even to suggest that any *explicit* promise of future performance was

made.[10]   The future performance exception is accordingly not applicable and the statute of

limitations started to run on the date of purchase.  Moodie purchased his rifle in 1992 (Compl. at

¶ 10), and his express warranty claim, like his implied warranty claim, therefore expired in 1996.

Finally, equitable tolling does not apply in this case.  The Complaint generically alleges

in Paragraphs 68 and 69 that Defendants are estopped from relying on applicable statutes of

limitation and repose as a result of their alleged fraudulent acts concealing the purported defect

---

[10] Even assuming, *arguendo*, that any explicit promise of future performance existed at the time
Plaintiffs purchased the products, Moodie would need to offer an express warranty extending
more than 20 years from the date of purchase (1992 purchase, and 2012 alleged accidental
discharge).  Compl. at ¶ 10.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 18

in the trigger mechanism.  However, where a plaintiff fails to allege facts demonstrating that he himself could not have discovered his cause of action within the limitations period, dismissal is appropriate and equitable tolling will not apply.  *See, e.g.*, *Kwai Ling Chan v. Chase Home Loans Inc.*, No. C12-0273JLR, 2012 WL 1252649, at *6 (W.D. Wash. Apr. 13, 2012).  *See also Lyman v. Loan Correspondents Inc.*, 470 F. App'x. 688, 688 (9th Cir. 2012) (district court did not abuse its discretion in declining to apply equitable tolling because plaintiff "did not allege facts showing that the alleged violations could not have been discovered by a reasonable plaintiff within the limitations period" and therefore dismissing plaintiff's claim as time-barred).  "Further, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Federal Rule of Civil Procedure 9(b)."  *Kwai Ling Chan*, 2012 WL 1252649, at *6 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999)).  In other words,

> [e]quitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."  The plaintiff must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and "must plead with particularity the facts which give rise to the claim of fraudulent concealment."

*Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006) (internal citations omitted) (declining to apply equitable estoppel to toll plaintiff's claim).

Paragraphs 68 and 69 are little more than legal conclusions that equitable tolling or estoppel applies because Defendants engaged in some unspecified fraudulent act of concealment. None of the particularity required by Rule 9(b) is present.  *See, e.g.*, *Wilson*, 2013 WL 275018, at *5 (noting that Rule 9(b) requires the plaintiff to identify the "who, what, when, where, and how" of the supposed fraud).  Absent, for example, are specifics of the time, place, content, and person making any statements, representations, or omissions; the manner in which Moodie was

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 19

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

misled; and why the statements, representations, or omissions were fraudulent.  Moodie also fails to plead any facts demonstrating that he could not have discovered his claims within an applicable limitations period.[11]  Moodie has therefore failed to plead a proper basis for equitable estoppel or tolling of a statute of limitations.

Neither equitable tolling nor the "future performance" exception applies; Moodie's breach of warranty claims are therefore barred by the four-year statute of limitations and should be dismissed.

**E.      Because Moodie's State-Law Warranty Claims Fail, His Claim for Violation of the Magnuson-Moss Warranty Act (Count V) Also Fails.**

Count V alleges a cause of action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA").  The Act

> does not create new implied warranties upon which consumers can sue, nor does it alter the Uniform Commercial Code's definition of express warranties.  In simpler terms, the elements of proof as related to breach of warranty are the same whether the claim is made under the Magnuson-Moss Act or under the code.

*McLaughlin v. Watercraft Int'l, Inc.*, No. 38494-5-I, 1997 WL 537862, at *9 (Wash. Ct. App. Sept. 2, 1997).  The claims under the MMWA therefore stand or fall with the express and implied warranty claims under state law.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).  The Court's "disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."  *Id.*  Because Moodie's implied and express warranty claims should be dismissed, *see supra* Part I.D., the Court should also dismiss his claim under the MMWA.

---

[11] To the contrary, Plaintiffs pled several facts related to claims of product defect that allegedly were publicly available as early as 1968, including events that gained "nationwide attention." *See, e.g.*, Compl. at ¶¶ 6, 34, 37, 47, 51–59.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 20

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1

2

### F.   Moodie Fails to Plead a Claim for Unjust Enrichment (Count IX).

Count IX alleges a claim for unjust enrichment.  "Washington bars recovery for unjust enrichment if the plaintiff has an adequate remedy at law." *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008) (citing *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 991 P.2d 1126, 1134 (Wash. 2000)).  Moodie's unjust enrichment claim fails because, if the Complaint's allegations regarding Defendants' "deliberate and fraudulent conduct" (Compl. at ¶ 169) are true, they amount to a wrong for which there is a legal remedy.  Tellingly, Moodie never alleges the lack of an adequate remedy at law.  His unjust enrichment claim should be dismissed with prejudice.

Moodie's unjust enrichment claim also fails because it is not adequately pled.  To state a claim for unjust enrichment under Washington law, the plaintiff must establish that:  (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated or knew of the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances make it inequitable for the defendant to retain the benefit without paying its value.  *See, e.g.*, *Cox v. O'Brien*, 206 P.3d 682, 688 (Wash. Ct. App. 2009).  Formulaic recitations of these elements will not suffice; a plaintiff must plead facts sufficient to raise the likelihood of success beyond a speculative level.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

The allegations in Count IX merely parrot the elements of an unjust enrichment claim without providing any underlying facts in support of the claim.  Defendants have no meaningful way to formulate a response to such vague allegations.  *See generally PlastWood SRL v. Rose Art Indus., Inc.*, No. C07-0458JLR, 2007 WL 3129589, at *8 (W.D. Wash. Oct. 23, 2007) (granting defendant's motion to dismiss where plaintiff, "pleaded no facts establishing that it conferred a benefit upon [defendant], that [defendant] knew of such benefit, or that [defendant's] acceptance

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

or retention under the circumstances [was] inequitable.").  Moodie's unjust enrichment claim fails to state a claim upon which relief can be granted and should be dismissed for this reason as well.

## II.   ALL OF WATERMAN'S CLAIMS FAIL UNDER NORTH CAROLINA LAW.

### A.   Waterman's Claims for Violation of the North Carolina Unfair and Deceptive Trade Practices Act, Negligence, State-Law Warranty, and Fraudulent Concealment Claims (Counts II, IV, VI, VII, and VIII) Are Barred by the Statute of Repose.

In North Carolina, claims based upon or arising out of an alleged defect or product failure are subject to North Carolina's products liability statute of repose.  *See* N.C. Gen. Stat. § 1-46.1 ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption.").  The statute applies to the wide array of claims that can arise out of an allegedly defective product, including claims for violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* ("UDTPA"), negligence, breach of warranty, and fraud.[12]  Consequently, Waterman's products liability-based claims for violation of the UDTPA (Count II), negligence (Count IV), breach of express warranty (Count VI), breach of implied warranty of merchantability (Count VII), and fraudulent concealment (Count VIII) are subject to the statute

---

[12] *See, e.g., Colony Hill Condo. I Ass'n v. Colony Co.*, 320 S.E.2d 273, 277 (N.C. Ct. App. 1984) (noting that the generality of the language in the statute of repose "indicates that the legislature intended to cover the multiplicity of claims that can arise out of a defective product"); *id.* (applying the statute of repose to claims for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, failure to warn, and negligence); *Jack H. Winslow Farms, Inc. v. Dedmon*, 615 S.E.2d 41, 44–45 (N.C. Ct. App. 2005) (holding that the statute of repose applies to fraud claims arising from the marketing, selling, or advertising of products); *Adams v. A.J. Ballard, Jr. Tire & Oil Co., Inc.*, Nos. 01-CVS-1271, 03-CVS-912, 03-CVS-1124, 2006 WL 1875965, at *24 (N.C. Super. Ct. June 30, 2006) (applying the statute of repose to several claims that "derive from the product liability claims," including plaintiff's UDTPA claim).

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

of repose.

Unlike a statute of limitation, which makes an otherwise viable claim unenforceable, a statute of repose "acts as a condition precedent to the action itself," establishing a time period in which the claim must be brought in order for the cause of action to be recognized. *Boudreau v. Baughman*, 368 S.E.2d 849, 857 (N.C. 1988) (citation omitted). "If the action is not brought within the specified period, the plaintiff 'literally has no cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.'" *Id.* (citation omitted) (emphases in original).

North Carolina's products liability statute of repose begins to run upon the date of purchase. N.C. Gen. Stat. § 1-46.1. A 12-year repose period applies to products liability actions that accrued on or after October 1, 2009; products liability actions that accrued prior to October 1, 2009, are subject to the former six-year statute of repose provided in N.C. Gen. Stat. § 1-50(6). Here, the precise date of accrual of Waterman's products liability-based claims is immaterial because they are barred by even the maximum, 12-year statute of repose. Waterman purchased his rifle in 1996 (see Compl. at ¶ 11), and therefore must have brought his products liability-based claims no later than 2008.[13] Because this action was not filed until 2013, Waterman's products liability-based claims are barred by North Carolina's products liability statute of repose

---

[13] Any claim that Defendants are estopped from relying on the statute of repose and that equitable tolling applies is invalid under North Carolina law. "While equitable doctrines may toll statutes of limitation, they do not toll substantive rights created by statutes of repose." *Monson v. Paramount Homes, Inc.*, 515 S.E.2d 445, 449 (N.C. Ct. App. 1999). Moreover, "allegations of fraud do not extend the period of repose for products liability cases." *Adams*, 2006 WL 1875965, at *24 (citing *Dedmon*, 615 S.E.2d at 44–45). Thus, fraudulent concealment, for example, cannot operate to toll the statute of repose. *See, e.g., Cacha v. Montaco, In*c., 554 S.E.2d 388, 392 (N.C. Ct. App. 2001) (citing *Stallings v. Gunter*, 394 S.E.2d 212, 216 (N.C. Ct. App. 1990)). Even if North Carolina did not foreclose Plaintiffs' equitable tolling/estoppels argument, the argument still fails for the reasons discussed *supra* Part I.D.3.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 23

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

and Counts II, IV, VI, VII, and VIII should therefore be dismissed.[14]

**B.**   **Additional Reasons Support Dismissal of Waterman's UDTPA, Negligence, State-Law Warranty, and Fraudulent Concealment Claims (Counts II, IV, VI, VII, and VIII).**

**1.**   *The UDTPA Claim (Count II) Is Further Barred by the Economic-Loss Rule and Is Insufficiently Pled.*

In North Carolina, damages to the product itself are not recoverable in tort when the claim is based on a product defect. *See, e.g.*, *Moore v. Coachmen Indus., Inc.*, 499 S.E.2d 772, 780 (N.C. 1998). *See also AT&T Corp. v. Med. Review of N.C., Inc.*, 876 F. Supp. 91, 94 (E.D.N.C. 1995) (noting that pure, economic losses are "not recoverable under tort law in a products liability action in North Carolina").[15]   Where a plaintiff's UDTPA claim is intertwined with allegations of a product defect, courts have applied North Carolina's economic-loss rule to dismiss the claim. *See, e.g.*, *Butcher v. DaimlerChrysler Co., LLC*, No. 1:08CV207, 2008 WL 2953472, at *4 (M.D.N.C. July 29, 2008) (dismissing plaintiff's UDTPA claim pursuant to the economic-loss rule where the claim was intertwined with allegations of a product defect, plaintiff sought damages only related to the product itself, and the only information allegedly concealed was that related to a product defect). *See also Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625–26 (M.D.N.C. 2006) (dismissing plaintiff's UDTPA claim pursuant to the economic-loss rule).

---

[14] As discussed *supra* note 8, should the Court allow Waterman to re-plead his fraudulent concealment claim, he should, at a minimum, not be allowed to base it on statements made after he purchased his rifle in 1996. Furthermore, Waterman should not be allowed to base his fraudulent concealment claim on statements made before January 29, 2001, pursuant to North Carolina's more generous 12-year statute of repose. N.C. Gen. Stat. § 1-46.1.

[15] North Carolina's Products Liability Act, N.C. Gen. Stat. § 99B *et seq.*, is in accord with this view, as the "Act is inapplicable to claims 'where the alleged defects of the product manufactured by the defendant caused neither personal injury nor damage to property other than to the manufactured product itself.'" *AT&T Corp.*, 876 F. Supp. at 95 (quoting *Reece v. Homette Corp.*, 429 S.E.2d 768, 769 (N.C. Ct. App. 1993)).

1    Here, Waterman's UDTPA claim is intertwined with allegations of a product defect.  For

2   example, the Complaint contends that Defendants concealed information in violation of the

3   UDTPA by:  (1) representing that the *product was free of defects* and would not fire without a

4   trigger pull; (2) failing to disclose material facts about the *defective nature of the product*; and

5   (3) failing to disclose Defendants' own knowledge of the *defective nature of the product*.

6   Compl. at ¶ 95 (emphases added).  The Complaint further alleges that Waterman and other

7   consumers were deceived "into believing the *Product was free of defects*," and that, had they

8   known about the "material *defects*" / "*defective nature*" of the *product*, they would not have

9   purchased it.  *Id.* at ¶¶ 96, 98, 103 (emphases added).  As in *Butcher*, Waterman's UDTPA claim

10  is plainly intertwined with allegations of a product defect, the damages sought are related only to

11  the product itself, and the only information allegedly concealed was that related to a product

12  defect.  *See generally Butcher*, 2008 WL 2953472, at *4.  Consequently, Count II must be

13  dismissed pursuant to the economic-loss rule.

14

15    Waterman's UDTPA claim also fails because it is inadequately pled.  The elements of a

16  claim for violation of the UDTPA are: (1) an unfair or deceptive act or practice; (2) in or

17  affecting commerce; (3) that proximately caused actual injury to the plaintiff.  *See, e.g.*, *Green v.*

18  *Freeman*, 733 S.E.2d 542, 555 (N.C. Ct. App. 2012).  "A practice is unfair if it is unethical or

19  unscrupulous, and it is deceptive if it has a tendency to deceive."  *Dalton v. Camp*, 548 S.E.2d

20  704, 711 (N.C. 2001) (citations omitted).  Whether a practice is unfair or deceptive is a question

21  of law for the court.  *Id.*  "Under North Carolina law, a breach of warranty claim alone is

22  insufficient to state a UDTPA claim."  *Kelly v. Georgia-Pacific LLC*, 671 F. Supp. 2d 785, 799

23  (E.D.N.C. 2009) (citations omitted).  "Rather, a party must allege some type of egregious or

24  aggravating circumstances," and must show "actual reliance" on any alleged misrepresentations.

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 25

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*Id.*

*Rohlik v. I-Flow Corp.*, No. 7:10-CV-173-FL, 2011 WL 2669302 (E.D.N.C. July 7, 2011), is instructive.   There, the plaintiff claimed that a pain pump manufactured by the defendant, and used by the plaintiff following arthroscopic surgery on her left shoulder, caused her to lose nearly all of the cartilage in the joint.  *Id.* at *1.  The plaintiff sued the defendant on a number of grounds, including a violation of the UDTPA.   The court granted the defendant's motion to dismiss, concluding that the plaintiff's complaint lacked the necessary allegations of "substantial and aggravating circumstances" necessary to establish a UDTPA claim, and further noting:

> Plaintiff's allegations that defendant represented that the pain pump used by plaintiff was free from defects and safe for use, even if defendant knew the pain pump would not conform to these promises, is indistinguishable from a run-of-the-mill breach of warranty claim.  Moreover, . . . plaintiff has not identified any specific misrepresentation by defendant, beyond the warranty itself, that was relied upon by plaintiff or her physician.  Even assuming defendant engaged in a nationwide campaign marketing its pain pumps for an unapproved and harmful use, plaintiff may not invoke UDTPA without alleging that she was aware of this campaign when she used the offending product.

*Id.* at *3–4.

As in *Rohlik*, the allegations here are insufficient to rise to the "egregious or aggravating circumstances" necessary to state a UDTPA claim.   Indeed, the allegation that Defendants "represented that the Product was free of defects and would not fire without trigger pull," (Compl. at ¶ 95), is indistinguishable from a standard breach of warranty claim.   Also, the Complaint fails to allege any facts sufficient to identify a specific misrepresentation by Defendants that was relied upon by Waterman.   For example, the Complaint alleges that Defendants knowingly misrepresented that the product was free of defects, and that Defendants continue "to falsely represent to the public that the Model 700 is a trusted, safe, and reliable

Rifle." Compl. at ¶¶ 5, 95. The Complaint also alleges that a "substantial portion of the public, including the members of the class," was deceived into believing the product was free of defects, and that "Plaintiff and Class Members of the North Carolina Class would not have purchased the Product had they known or become informed of the material defects." *Id.* at ¶¶ 97–98. Such conclusory allegations are insufficient to adequately plead reliance. Waterman's UDTPA claim must therefore be dismissed.

### 2. *The Negligence Claim (Count IV) Is Also Barred by the Economic-Loss Rule.*

As discussed above, in North Carolina, damages to the product itself are not recoverable in tort based on a product defect. *Moore*, 499 S.E.2d at 780; *AT&T Corp.*, 876 F. Supp. at 94. Negligence claims are no exception. *See, e.g.*, *Chicopee, Inc. v. Sims Metal Works, Inc.*, 391 S.E.2d 211, 217 (N.C. Ct. App. 1990) (concluding that in the context of a products liability suit, economic losses are not recoverable in an action for negligence). Therefore, Count IV should also be dismissed pursuant to the economic-loss rule.[16]

### 3. *The Fraudulent Concealment Claim (Count VIII) Is Also Not Pled with Particularity and Is Barred by the Economic-Loss Rule.*

Waterman's claim for fraudulent concealment is identical to that of Moodie's and thus fails because it is not pled with particularity under Rule 9(b). *See supra* Part I.A. *See also, e.g.*, *Bank of Am. v. Lykes*, No. 1:09-cv-435, 2010 WL 2640454, at *8 (W.D.N.C. May 20, 2010) (applying Rule 9(b) to fraudulent concealment claim).

This claim is also barred by North Carolina's economic-loss rule. In North Carolina, the economic-loss rule prevents a party from recovering "for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk." *Kelly*, 671 F. Supp. 2d at 791.

---

[16] To the extent the negligence count attempts to assert a claim for failure to recall, Defendants are unaware of any case that has affirmatively imposed a duty to recall in North Carolina.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Courts have applied North Carolina's economic-loss rule to dismiss fraud claims. *See, e.g.*, *Mecklenburg Cnty. v. Nortel Gov't Solutions, Inc.*, No. 3:07-CV-00320, 2008 WL 906319, at *5 (W.D.N.C. Apr. 1, 2008); *Wireless Commc'ns, Inc. v. Epicor Software Corp.*, No. 3:10CV556, 2011 WL 90238, at *4–5 (W.D.N.C. Jan. 11, 2011). To pursue both a breach of warranty claim and a fraud claim, the plaintiff must "allege distinct and identifiable facts outside of the realm of [warranty] performance." *Wireless Commc'ns, Inc.*, 2011 WL 90238, at *5. Allegations that the fraud induced the purchaser to enter the agreement are insufficient to avoid application of the economic-loss rule. *Id.*

Waterman has failed to allege any facts that bring his fraud claim outside the realm of the warranty performance. The claim seeks only economic losses to the product as a result of an alleged defect. Although Waterman claims that, had Defendants told him about the alleged defect, he would have either negotiated a lower price or not purchased the product (*see, e.g.*, Compl. at ¶ 163), the heart of this claim—like the claim in *Wireless Communications, Inc.*—is the performance of an agreement, and the claim directly relates to the product's alleged warranties. Consequently, Count VIII should further be dismissed pursuant to the economic-loss rule.

### 4. *The Implied Warranty Claim (Count VII) Also Fails for Lack of Privity.*

In North Carolina, a "buyer" as defined in the UCC "may bring a product liability action directly against the manufacturer of the product involved for breach of implied warranty; and the lack of privity of contract shall not be grounds for the dismissal of such action." N.C. Gen. Stat. § 99B-2(b). North Carolina's Products Liability Act, however, is inapplicable to claims where the alleged defects caused neither personal injury nor damage to property other than to the manufactured product itself. *See, e.g.*, *AT&T Corp.*, 876 F. Supp. at 95 (quoting *Reece*, 429

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 28

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

S.E.2d at 769).  Thus, to bring a claim based on a breach of implied warranty where the only injury alleged is a purely economic loss, a showing of privity is still required in North Carolina. *See, e.g.*, *id.* at 94; *Gregory v. Atrium Door & Window Co.*, 415 S.E.2d 574, 575 (N.C. Ct. App. 1992).  Waterman alleges that he bought his rifle at a retail store that is not a defendant here.  *See* Compl. ¶ 11.  Count VII alleging breach of the implied warranty of merchantability should also be dismissed for lack of privity.

### 5.  *The Express Warranty Claim (Count VI) Is Also Insufficiently Pled.*

To prevail on his express warranty claim, Waterman must show that he relied on the alleged warranty in purchasing his rifle.  *See Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Dirs. v. DJF Enters., Inc.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (noting that a claim for breach of express warranty requires proof that the warranty "'was relied upon by the plaintiff in making his decision to purchase'").  Waterman's allegations in this regard are identical to Moodie's:  There are no allegations that he heard, read, saw, or was otherwise aware of any purported express warranty.  Instead, the Complaint only generally alleges that Defendants "provided" a warranty with the products.  *See* Compl. at ¶ 133.  This conclusory allegation is insufficient to raise the likelihood of success beyond a speculative level, *see Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678, and Count VI should thus also be dismissed on this basis.

### 6.  *The State-Law Warranty Claims (Counts VI and VII) Are Further Barred by the Statute of Limitations.*

As in Washington, breach of warranty claims in North Carolina are subject to a four-year statute of limitations, which begins to run on the date of delivery, unless the warranty "*explicitly* extends to future performance."  *See* N.C. Gen. Stat. § 25-2-725 (emphasis added).  *See also Bernick v. Jurden*, 293 S.E.2d 405, 412 n.3 (N.C. 1982) (noting that plaintiff's allegation that there was a warranty promising future performance was insufficient because it contained no

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 29

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

citation of authority or argument to support plaintiff's contention; moreover, "it could not be seriously contended that the exception applies" where there "is no *explicit* warranty of future performance").  Once again, Waterman's allegations are identical to Moodie's:  There are no allegations regarding the timeframe of the purported warranties[17] or that any *explicit* promise of future performance was made.  Consequently, the future performance exception does not apply, and the statute of limitations started to run in 1996 when Waterman purchased his rifle.  Waterman's state-law breach of warranty claims are therefore barred by the four-year statute of limitations and Counts VI and VII should also be dismissed on this basis.[18]

C.    **Because Waterman's State-Law Warranty Claims Fail, His Claim for Violation of the Magnuson-Moss Warranty Act (Count V) Also Fails.**

As with Moodie, Waterman cannot pursue a claim under the MMWA if he has no viable claim for breach of warranty under state law.  *See supra* Part I.E.  Because his express and implied warranty claims fail, Count V must also be dismissed.

D.    **North Carolina Does Not Recognize Strict Liability in Tort (Count III) in Product Liability Actions.**

The North Carolina General Assembly has determined that "[t]here shall be no strict liability in tort in product liability actions."  N.C. Gen. Stat. § 99B-1.1.  *See also, e.g.*, *DeWitt v. Eveready Battery Co.*, 565 S.E.2d 140, 150 (N.C. 2002) (noting that North Carolina does not recognize strict liability in products liability cases); *Smith v. Fiber Controls Corp.*, 268 S.E.2d 504, 509–10 (N.C. 1980) (same).  Consequently, to recover for a products liability claim, a

---

[17] Even assuming, *arguendo*, that any explicit promise of future performance existed at the time Plaintiffs purchased the products, Waterman would need to offer an express warranty extending more than 16 years from the date of purchase (1996 purchase, and 2012 alleged accidental discharge).  Compl. at ¶ 11.

[18] For the reasons discussed *supra* Part I.D.3., equitable tolling does not apply in this case and therefore does not operate to save Waterman's belated breach of warranty claims.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

plaintiff's claim must be based on negligence, breach of warranty, or both.  *See, e.g.*, *Maybank v. S. S. Kresge Co.*, 266 S.E.2d 409, 411 (N.C. Ct. App. 1980), *aff'd as modified*, 273 S.E.2d 681 (N.C. 1981).  Because North Carolina does not recognize strict liability in tort in products liability actions, Waterman fails to state a claim for strict products liability under North Carolina law.  Count III should be dismissed.

### E.    Waterman Fails to Plead a Claim for Unjust Enrichment (Count IX).

The elements of a claim for unjust enrichment under North Carolina law do not materially differ from those under Washington law.  The plaintiff must establish that:  (1) plaintiff conferred a measurable benefit on defendant; (2) defendant consciously accepted the benefit; and (3) the benefit was not conferred officiously or gratuitously.  *See, e.g.*, *Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*, 712 S.E.2d 670, 677 (N.C. Ct. App. 2011) (citation omitted); *Patriot Performance Materials, Inc. v. Powell*, No. 12-CVS-814, 2013 WL 601098, at *2 (N.C. Super. Ct. Feb. 13, 2013) (citing *Booe v. Shadrick*, 369 S.E.2d 554, 555–56 (N.C. 1988)).  Moreover, and also similar to Washington law, North Carolina bars recovery for unjust enrichment where the plaintiff has an adequate remedy at law.  *See, e.g.*, *Frazier v. Beard*, No. 94-CVS-2362, 1996 WL 33373366, at *6 (N.C. Super. Ct. Oct. 24, 1996), *aff'd*, 506 S.E.2d 298 (N.C. Ct. App. 1998) (noting that "unjust enrichment is an equitable doctrine designed to provide a remedy where an aggrieved party has no adequate remedy at law") (citing *Jefferson Standard Life Ins. Co. v. Guilford Cnty.*, 34 S.E.2d 430 (N.C. 1945)).

The allegations underlying the unjust enrichment claim as to Waterman are identical to those as to Moodie.  *See supra* Part I.F.  Count IX fails as to Waterman for the same reason it fails as to Moodie:  It has been insufficiently pled, *see Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678, and there exists an adequate remedy at law.  Waterman's unjust enrichment claim must

DEFENDANTS' MOTION TO DISMISS
(2:13-cv-00172-JCC) - 31

Wilson Smith Cochran Dickerson
A PROFESSIONAL SERVICE CORPORATION
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164-2050
Telephone: (206) 623-4100   Fax: (206) 623-9273

therefore be dismissed.

**III. BECAUSE ALL OF PLAINTIFFS' SUBSTANTIVE CLAIMS MUST BE DISMISSED, THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETIONARY JURISDICTION TO ENTERTAIN PLAINTIFFS' REQUEST FOR DECLARATORY JUDGMENT (COUNT X).**

In Plaintiffs' final count, they seek a declaration of their rights with respect to the products.  Plaintiffs cannot maintain a declaratory judgment action because there is no continuing controversy.  *See* 28 U.S.C. § 2201; *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir 2008).  A declaratory judgment is improper where the controversy is "merely hypothetical or abstract."  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1127 (9th Cir. 2004).  Instead, the "controversy must be definite and concrete" and the "dispute must be subject to specific, conclusive relief, not advisory in nature." *Id.*

As described above, Plaintiffs' claims for damages all fail as a matter of law; thus, there is no controversy whatsoever with respect to these claims.  Nor have Plaintiffs pled any facts suggesting even a possibility of future injury.  Declaratory judgment in this case would be nothing more than an improper advisory opinion.  Accordingly, the Court should exercise its discretion, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008) ("Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment."), and dismiss the Complaint.

//

//

//

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1

**CONCLUSION**

2       For the foregoing reasons, Defendants respectfully request that this Motion be granted

3   and that Plaintiffs' Class Action Complaint be dismissed.

4

5       Dated this 1st of April, 2013.

6                                                   s/  John. D. Wilson, Jr.
                                                    John D. Wilson, Jr., WSBA No. 4828
7                                                   Alfred E. Donohue, WSBA No. 32774
                                                    WILSON SMITH COCHRAN DICKERSON
8                                                   1215 – 4th Avenue, Suite 1700
                                                    Seattle, Washington  98161
9                                                   Telephone:  206.623.4100
                                                    Facsimile:  206.623.9273
10                                                  wilson@wscd.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOTION TO  DISMISS
(2:13-cv-00172-JCC) - 33

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiffs' counsel listed below.

Lynn Lincoln Sarko
Mark A. Griffin
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98133
Telephone: (206) 623-1900
Facsimile; (206) 623-3384
lsarko@kellerrohback.com
mgriffin@kellerrohback.com

Jordan L. Chaikin
PARKER WAICHMAN LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
jchaikin@yourlawyer.com

Charles E. Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Jon D. Robinson
Christopher Ellis
BOLEN ROBINSON & ELLIS, LLP
202 South Franklin, 2nd Floor
Decatur, IL  62523
Telephone: (217) 429-4296
Facsimile: (217) 329-0034
jrobinson@brelaw.com
cellis@brelaw.com

John R. Climaco
John A. Peca
CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., LPA
55 Public, Suite 1950
Cleveland, OH 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com
japeca@climacolaw.com

Richard Ramler
RAMLER LAW OFFICE, P.C.
202 West Madison Avenue
Belgrade, MT  59714
Telephone: (406) 924-4810
Facsimile: (406) 388-6842
richardramler@aol.com

Richard Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
Alexandria, LA  71301
Telephone: (800) 256-1050
rarsenault@nbalawfirm.com

Eric D. Holland
R. Seth Crompton
HOLLAND, GROVES, SCHNELLER & STOLZE, LLC
300 N Tucker Blvd, Suite 801
St. Louis, MO 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
eholland@allfela.com
scrompton@allfela.com

Timothy W. Monsees
MONSEES, MILLER, MAYER, PRESLEY & AMICK, P.C.
4717 Grand Avenue, Suite 820
Kansas City, MO 64112
Telephone: (866) 774-3233
Facsimile (816) 361-5577
tmonsees@mmmpalaw.com

Dated this 1st day of April, 2013.

By: s/ John D. Wilson, Jr.
John D. Wilson, Jr., WSBA No. 4828
WILSON SMITH COCHRAN DICKERSON
901 – 5th Avenue, Suite 1700
Seattle, WA 98164
(206) 623-4100 phone
(206) 623-9273 fax
wilson@wscd.com

WILSON SMITH COCHRAN DICKERSON
A  PROFESSIONAL  SERVICE  CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273