THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM G. MOODIE and JAMES W. WATERMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REMINGTON ARMS COMPANY, LLC., SPORTING GOODS PROPERTIES, INC. and E.I. DU PONT NEMOURS AND COMPANY,<br><br>Defendants. | CASE NO. C13-0172-JCC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING ON APPLICABLE LAW |

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs William Moodie's and James Waterman's putative class action complaint. (Dkt. No. 40.) In their motion, Defendants state, "For purposes of this motion, Defendants apply the law of the states in which each named Plaintiff resides—Washington for Moodie and North Carolina for Waterman. Defendants reserve the right to later challenge, on choice-of-law grounds, the applicable governing law(s) in light of other states' relationship to the occurrences and parties." (*Id.* at 15 n.5.) The Court will not go through the exercise of deciding Defendants' 32-page motion to dismiss on the mere assumption that Washington law applies to Moodie's claims and North Carolina law applies to Waterman's claims. Indeed, in a similar case in a different court naming

ORDER FOR SUPPLEMENTAL BRIEFING ON
APPLICABLE LAW
PAGE - 1

the same defendants—which Defendants filed as an exhibit to their motion to dismiss here—the court held that the law of the states of the defendants' principal places of business at the time the plaintiffs purchased their rifles from the defendants governed the plaintiffs' claims. (*Id.* Ex. B at 7.) If that is the correct analysis here, then Washington and North Carolina law may not apply to all of Moodie's and Waterman's claims, respectively.

The Court hereby ORDERS Defendants to file a supplemental brief, not to exceed ten (10) pages in length, asserting their position on which states' laws apply to Plaintiffs' claims. The Court establishes no deadline for filing this supplemental brief, but puts Defendants on notice that it will not consider their motion to dismiss until briefing on the applicable-law issue is complete. Defendants' supplemental brief shall note for the Court's consideration on the third Friday after filing and service. Plaintiffs shall file and serve a response brief, not to exceed ten (10) pages in length, not later than the Monday before the noting date. Any reply shall not exceed five (5) pages and shall be filed no later than the noting date.

Alternatively, if the parties confer and agree on which states' laws apply, instead of following the briefing schedule outlined above, the parties may file a joint supplemental brief with the Court, not to exceed ten (10) pages in length, setting out their position on the applicable-law issue, which will note for the Court's consideration on the date of filing.

The Court will not allow Defendants to "reserve the right to later challenge, on choice-of-law grounds, the applicable governing law(s)." (Dkt. No. 40 at 15 n.5.) The position Defendants take in their supplemental briefing will be binding.

As a final alternative, Defendants may choose, in lieu of filing the supplemental briefing ordered above, to withdraw their motion to dismiss.

//
//
//
//

ORDER FOR SUPPLEMENTAL BRIEFING ON
APPLICABLE LAW
PAGE - 2

DATED this 13th day of June 2013.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER FOR SUPPLEMENTAL BRIEFING ON
APPLICABLE LAW
PAGE - 3